UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RICHARD D. BOSTWICK, RICHARD D. BOSTWICK AS A CLASS OF ONE, | * * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 24-cv-10164-ADB |
| MIDDLESEX SUPERIOR COURT, MASSACHUSETTS EXECUTIVE OFFICE OF THE TRIAL COURT, MASSACHUSETTS APPEALS COURT, AND MASSACHUSETTS SUPREME JUDICIAL COURT, | * * * * * * * | |
| Defendants. | * | |

**<u>MEMORANDUM AND ORDER</u>**

BURROUGHS, D.J.

*Pro se* Plaintiff Richard D. Bostwick, both individually and as a class of one, brings this action against the Middlesex Superior Court ("Superior Court"), the Massachusetts Appeals Court ("MAC"), the Massachusetts Supreme Judicial Court ("SJC") (collectively, the "State-Court Defendants"), and the Massachusetts Executive Office of the Trial Court ("EOTC") (collectively with State-Court Defendants, "Defendants") alleging violations of various federal statutes, including 42 U.S.C. §§ 1985 and 1986, Title II of the Americans with Disabilities Act

("ADA"),[1] 42 U.S.C. §§ 12102, 12131–33, 12202, and 12203, and the Constitution.  See [ECF No. 25 ("Amended Complaint" or "Am. Compl.")].  Defendants moved to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  [ECF No. 12].  For the reasons set forth below, Defendants' motion to dismiss, [ECF No. 12], is **GRANTED**.

## I.    BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint, the factual allegations of which are assumed to be true when considering a motion to dismiss.  See Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014).  As here, where Plaintiff is proceeding *pro se*, the Court "hold[s] *pro se* pleadings to less demanding standards than those drafted by lawyers and endeavors, within reasonable limits, to guard against the loss of *pro se* claims due to technical defects."  Santiago v. Action for Bos. Cmty. Dev., Inc., No. 17-cv-12249, 2018 WL 5635014, at *2 (D. Mass. Oct. 31, 2018) (quoting Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008)).  Accordingly, the Court liberally construes the Amended Complaint.  Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 75–76 (1st Cir. 2014) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

As it may on a motion to dismiss, the Court has also considered "documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice."  Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008) (alteration in original) (quoting In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 20 (1st Cir. 2003)).

---

[1] Title II "prohibits discrimination against persons with disabilities by 'public entities.'"  Parker v. Universidad de P.R., 225 F.3d 1, 4 (1st Cir. 2000).

A.    **Factual Background**

Although the facts as pled are difficult to ascertain, the Court construes them as follows. Bostwick is a "qualified individual with several disabilities." [Am. Compl. ¶ 66.2]. He suffers from, among other conditions, brainstem stroke, cardiac arrhythmia, lumbar spine, emotional distress and depression, olfactory cleft tumor, thoracic outlet syndrome and cervical spine disabilities, liver problems, continuing non-functional use and swelling of his left and right wrists, hands, and fingers, autoimmune diseases, and atrial tachycardia. [Id. ¶ 32.1].

Over the past twenty years, Plaintiff has brought several suits in state court, [Am. Compl. ¶¶ 35, 37–40], including, among others, i) Bostwick v. Sims et al, Middlesex Civil Action No. 0481CV02417, MAC Dkt. No. 2014-P-1277, (ii) Bostwick, Richard D. vs. The Classic Group, Inc. p/k/a Classic Restorations, Inc., Middlesex Civil Action No. 0881CV01465, MAC Dkt. No. 2022-P-0602, (iii) Bostwick v. Sovereign Bank, et al, Middlesex Civil Action No. 0981CV01755, MAC Dkt. No. 2013-P-0296, SJC Dkt. No. FAR-22413 (the "2009 case"); (iv) Bostwick v. Commonwealth of Massachusetts, Executive Office of Health and Human Services, et al., Middlesex Civil Action No. 1081CV01775; MAC Dkt. No. 2021-P-0721, SJC Dkt. No. FAR-29206 (the "2010 case"); and (v) Bostwick v. 44 Chestnut Street, Wakefield, Mass. et al, Middlesex Civil Action No. 1581CV05636, MAC Dkt. No. 2017-P-0414, MAC Dkt. No. 2019-P-589 (Rule 23), SJC Dkt. No. 13061 (the "2015 case").[2] See generally [Am. Compl.]; [id. ¶ 105]. Although not entirely clear from the face of the Amended Complaint, the Court understands that Plaintiff alleges that Defendants "avoided and omitted" various material facts and issues when resolving his cases. See generally [id.]; see, e.g., [id. ¶¶ 54, 58, 62, 119–20].

---

[2] Related to this case is SJC Dkt. No. FAR-28091.

3

Further, Plaintiff appears to allege that when pursuing the state court cases, including the 2009, 2010, and 2015 cases, he "suffered both . . . reasonable accommodation discrimination [] and . . . retaliation and coercion [] at the hands of the Defendants."  [Id. ¶¶ 54–54.10, 55–58, 105]; [ECF No. 18 ¶¶ 2–2.2].  With regard to (v), the 2015 case, Plaintiff seemingly suggests that the Superior Court, the MAC, and the SJC erred in dismissing and affirming the dismissal of Plaintiff's ADA reasonable accommodation claims against the Superior Court and the Court of Appeals, respectively.  [Am. Compl. ¶¶ 40(c), 53–54, 106]; [ECF No. 18 ¶ 2–2.2]; see also [ECF Nos. 18-2, 18-3]. [3]

### B.    Procedural History

Plaintiff filed the Complaint with this Court on January 22, 2024.  [ECF No. 1].  He ultimately filed the Amended Complaint on February 13, 2025, [ECF Nos. 21, 22], and the Court docketed it as the operative Amended Complaint on February 26, 2025, [ECF No. 25].[4]  Defendants moved to dismiss the Amended Complaint on June 5, 2024, [ECF Nos. 12, 13], and Plaintiff opposed on July 17, 2024.  [ECF Nos. 17, 18].

## II.    LEGAL STANDARD

### A.    Rule 12(b)(6) Standard

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept as true all well-pleaded facts, analyze those facts in the light most hospitable to the

---

[3] See MAC Dkt. No. 2019-P-589 (Bostwick v. 44 Chestnut Street, Wakefield, Mass., 162 N.E.3d 96 (Mass. App. Ct. 2021) (Rule 23.0)), [ECF No. 18-3]; SJC Dkt. No. 13061 (Bostwick v. 44 Chestnut Street, Wakefield, Mass., 176 N.E.3d 622 (Mass. 2021)), [ECF No. 18–2].  See [Am. Compl. ¶¶ 55–58].
[4] Plaintiff first attempted to file the Amended Complaint on April 26, 2024.  [ECF Nos. 7, 8].  Although his attempt was unsuccessful, he did seemingly serve the Amended Complaint on Defendants who subsequently moved to dismiss the Amended Complaint.

plaintiff's theory, and draw all reasonable inferences from those facts in favor of the plaintiff.
U.S. ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2011).  To avoid
dismissal, a complaint must set forth "factual allegations, either direct or inferential, respecting
each material element necessary to sustain recovery under some actionable legal theory."
Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (internal quotations and citation
omitted).  The plaintiff's obligation to articulate the basis of her claims "requires more than
labels and conclusions."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The facts
alleged, when taken together, must be sufficient to "state a claim to relief that is plausible on its
face."  A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Twombly,
550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that
allows the court to draw the reasonable inference that the defendant is liable for the misconduct
alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

A complaint does not need to provide an exhaustive factual account, only "a short and
plain statement of the claim showing that the pleader is entitled to relief."  Iqbal, 556 U.S at 677–
78.  Further, "[e]ach allegation must be simple, concise and direct."  Fed. R. Civ. P. 8(d)(1).
"The purpose of a clear and distinct pleading is to give defendants fair notice of the claims and
their basis as well as to provide an opportunity for a cogent answer and defense."  See Belanger
v. BNY Mellon Asset Mgmt., No. 15-cv-10198, 2015 WL 3407827, at *1 (D. Mass. May 27,
2015).  *Pro se* plaintiffs are obliged to comply with the Federal Rules of Civil Procedure,
including the requirements of Rule 8.  See Koplow v. Watson, 751 F. Supp. 2d 317, 320–21 (D.
Mass. 2010) (dismissing *pro se* complaint for failing to comply with Rule 8).

### B.    Rule 12(b)(1) Standard

"When considering a motion to dismiss under subsection 12(b)(1) of the Federal Rules of Civil Procedure, the Court should apply a standard of review 'similar to that accorded a dismissal for failure to state a claim' under subsection 12(b)(6)." Rodriguez v. Mass. Parole Bd., No. 16-cv-11113, 2017 WL 706597, at *2 (D. Mass. Feb. 22, 2017) (citing Menge v. N. Am. Specialty Ins. Co., 905 F. Supp. 2d 414, 416 (D.R.I. 2012)).  A motion to dismiss under Rule 12(b)(1) "is appropriate only when the facts adumbrated in the plaintiff's complaint, taken at face value, fail to bring the case within the court's subject-matter jurisdiction." Gordo-González v. United States, 873 F.3d 32, 35 (1st Cir. 2017).  Where subject-matter jurisdiction is challenged, the plaintiff bears the burden of proving jurisdiction. Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007).

Because Plaintiff is proceeding *pro se*, the Court must generously construe the arguments in his Amended Complaint and briefing. Bahiakina v. U.S. Postal Serv., 102 F. Supp. 3d 369, 371 (D. Mass. 2015) ("[A] document filed *pro se* is to be liberally construed . . . ." (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007))).  However, a *pro se* litigant still must comply with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

## III.    DISCUSSION

Plaintiff's Amended Complaint is lengthy and difficult to follow. See generally [Am. Compl.].  In the Court's most liberal and deferential construction of the Amended Complaint, the Court understands it to make the following allegations.  First, the Amended Complaint alleges that the Defendants "avoided and omitted" numerous "material facts and issues" and "documents," see, e.g., [id. ¶¶ 54.4, 57], when resolving Plaintiff's state court cases, causing an adverse outcome to Plaintiff, see, e.g., [id. ¶¶ 70–71, 76.3, 78].  Second, these various "acts of

6

omission" constitute retaliation against Plaintiff on account of his disability.  [Id. ¶¶ 66–66.2, 76.3]; see also [ECF No. 18 ¶ 2.1.1 ("The Defendants, Superior, Appeals, eventually SJC, and the Executive Office of the Trial [sic] Court Response to Bostwick's Claims of Title II, ADA Reasonable Accommodation Discrimination . . . in the . . . [2009 and 2015 cases] . . . was Title II Retaliation and Coercion . . . against Bostwick."); id. ¶ 2.2.2].  Third, the "[i]mproper specification and [i]mplementation" of various court rules and policies at the hands of Defendants prevented Plaintiff from successfully litigating his state court claims.  See, e.g., [id. ¶¶ 67, 68.1, 69.2].

Defendants assert that Plaintiff's Amended Complaint fails on multiple grounds, including the Rooker-Feldman doctrine, the Eleventh Amendment, and judicial immunity.  [ECF No. 12].  The Court agrees.

### A.    Jurisdictional Bar

First, to the extent Plaintiff challenges the validity and lawfulness of rulings and judgments entered by state courts, this Court lacks subject matter jurisdiction over such claims under the "Rooker-Feldman" doctrine.[5] [6]  The Rooker–Feldman doctrine "means in a nutshell that a federal court below the United States Supreme Court does not have jurisdiction over a claim that seeks in essence to overturn a state court judgment.  Instead, the proper avenue for such a challenge is to the state's highest court and from there to the United States Supreme Court."  Bradbury v. GMAC Mortg., LLC, 780 F. Supp. 2d 108, 113 (D. Me. 2011); see Davison

---

[5] Rooker v. Fidelity Tr. Co., 263 U.S. 413 (1923); D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983).
[6] Although Plaintiff asserts that he does not seek review of any state court decision, [ECF No. 18 ¶ 3.3], the Amended Complaint alleges repeatedly that his claims in state court would have succeeded "but-for" Defendants' purported wrongdoing.  See, e.g., [Am. Compl. ¶¶ 66–66.2, 69.2, 76.3, 70]; see also [ECF No. 18 ¶ 2.1].

v. Gov't of P.R.–P.R. Firefighters Corps., 471 F.3d 220, 223 (1st Cir. 2006) ("[T]he proper

forum for challenging an unlawful state court ruling is the United States Supreme Court, on

appeal of the highest state court's final judgment.").  Thus, insofar Plaintiff asserts that he would

have succeeded in his state court cases "but for" Defendants' purported wrongful conduct, the

Court lacks jurisdiction to review the decisions of state courts.  [Am. Compl. ¶ 71.1].[7]

Second, under the Eleventh Amendment, "a state or an arm of the state is normally

immune from suits by citizens in federal court, unless the state waives its immunity, or Congress

overrides that immunity as it may do in limited situations."  Neo Gen Screening, Inc. v. New

Eng. Newborn Screening Program, 187 F.3d 24, 26 (1st Cir. 1999) (internal citations omitted);

Wojcik v. Mass. State Lottery Comm'n., 300 F.3d 92, 99 (1st Cir. 2002); Seminole Tribe of Fla.

v. Florida, 517 U.S. 44, 54 (1996); Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985).

"Federal courts have routinely found that state courts are arms of the state for purposes of the

Eleventh Amendment."[8]  Lewis v. W. Roxbury Dist. Ct., No. 12-cv-11544, 2013 WL 4854117,

at *5 (D. Mass. Sept. 10, 2013) (citing Simmons v. Sacramento Cty. Super. Ct., 318 F.3d 1156,

1161 (9th Cir. 2003); Landers Seed Co. v. Champaign Nat'l Bank, 15 F.3d 729, 731–32 (7th Cir.

1994)).  Congress has not abrogated, and the Commonwealth has not waived, sovereign

immunity with respect to claims under 42 U.S.C. §§ 1983, 1985, and 1986.  See Will v. Mich.

Dep't. of State Police, 491 U.S. 58, 70–71 (1989) (holding that Congress did not abrogate state's

sovereign immunity in § 1983 suits); Cline v. Burke, 682 F. Supp. 3d 125, 131 (D. Mass. 2023)

---

[7] To the extent that Plaintiff alleges that State-Court Defendants wrongly resolved his ADA
claims against the Superior Court and the Court of Appeals in the 2015 case, such a claim
similarly fails under the Rooker-Feldman doctrine.

[8] The EOTC, as part of the Massachusetts Trial Court, is similarly an "arm of the state."
Nakanwagi v. Exec. Off. of Trial Ct., No. 23-cv-10533, 2024 WL 38749, at *3 (D. Mass. Jan. 3,
2024).

("Congress has not abrogated, and Massachusetts has not waived, its Eleventh Amendment immunity for civil-rights claims brought under 42 U.S.C. § 1983 or § 1985."); Rosas v. Univ. of Tex. at San Antonio, 793 Fed. Appx. 267, 271–72 (5th Cir. 2019) (affirming dismissal of § 1986 claim against state entity).  Thus, any claims under these civil-rights laws against the Defendants are barred by the Eleventh Amendment.

Additionally, any claims under § 1983 must be brought against a "person" who, acting under color of state law, deprived a plaintiff of "rights, privileges or immunities secured by the Constitution."  42 U.S.C. § 1983.  State or state agencies do not constitute "persons" under § 1983 and, as such, any claims against Defendants under that statute similarly fail.  Poirier v. Mass. Dep't of Corr., 558 F.3d 92, 97 & n.6 (1st Cir. 2009). [9]

Third, to the extent that Plaintiff's claims are premised on the traditional adjudicatory functions of Defendants, see, e.g., [Am. Compl. ¶¶ 70–71, 76.3, 78, 82, 110, 122, 129, 137], those claims are barred by absolute judicial immunity.  Brooks v. Love, 527 F. Supp. 3d 113, 117 (D. Mass. 2021) ("Few doctrines are more solidly established at common law than the immunity of judges from liability or damages for acts committed within their judicial jurisdiction . . . ." (quoting Pierson v. Ray, 386 U.S. 547, 553–54 (1967)).  As the First Circuit has explained,

---

[9] Plaintiff alleges various direct constitutional claims, including, among others, under the Equal Protection Clause of the Fourteenth Amendment, [Am. Compl. ¶¶ 82, 110, 122, 129, 137], the Takings Clause of the Fifth Amendment, [id. ¶ 88], the Excessive Fines Clause of the Eighth Amendment, [id.], and the Due Process Clause of the Fourteenth Amendment, [id.].  Section 1983 is the mechanism through which a plaintiff can bring constitutional claims.  Sacred Feather v. Merrill, No. 07-cv-00018, 2008 WL 2510100, at *2 (D. Me. June 19, 2008), adopted, 2008 WL 4791897 (D. Me. Oct. 29, 2008).  Here, because Plaintiff has no viable § 1983 claim, his direct constitutional claims similarly fail.  Colon Berrios v. Hernandez Agosto, 716 F.2d 85, 88 (1st Cir. 1983) ("[M]ay one whose cause of action under 42 U.S.C. § 1983 is barred by an accepted judicial interpretation of that act, avoid that bar by recategorizing the claim?  The answer is 'No.'").

"it is an axiom of black letter law that when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions." Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019); id. at 617 n.10 ("[A]bsolute judicial immunity means not just immunity from damages, but immunity from suit altogether."). This doctrine is expansive and includes actions a judge "took . . . in error, . . . maliciously, or . . . in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356 (1978). A judge "will be subject to liability only when he has acted in the clear absence of all jurisdiction." Id. Given the absence of any such allegations in the Amended Complaint, the Court accordingly finds that judicial immunity attaches, and Plaintiff's claims are accordingly dismissed.

**B.    Failure to State a Claim**

Plaintiff also fails to plead a claim under the ADA.[10]  To prevail on an ADA claim, Plaintiff must show that he (i) is a "a qualified individual with disability," (ii) was "either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against," and (iii) that "such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." Parker, 225 F.3d at 5. Although Plaintiff asserts that he is a qualified individual with a disability, he offers only conclusory assertions as to the other elements. Specifically, he alleges that Defendants' implementation of court rules and policies negatively impacted his state court cases on account of his disability and that he was "[d]iscriminated against by reason of his Disabilities." [Am.

---

[10] To the extent that Plaintiff alleges that the Defendants violated the ADA by virtue of their judicial conduct, these claims are barred by judicial immunity. Mireles v. Waco, 502 U.S. 9, 11–12 (1991).

Compl. ¶¶ 66.2, 67-69.2].  The Court cannot credit such conclusory factual allegations without more.  For the same reason, his allegations that the State-Court Defendants' purported failure to adequately address his claims was due to "retaliatory" or "coercive" motivations based on his disability also fall short.  [Id. ¶¶ 76–76.3].  In sum, even when construing the Amended Complaint generously, Plaintiff has failed to adequately plead discrimination under the ADA.

## IV.    CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss, [ECF No. 12], is **GRANTED** with prejudice.

**SO ORDERED.**

March 27, 2025                                    /s/ Allison D. Burroughs
                                                 ALLISON D. BURROUGHS
                                                 U.S. DISTRICT JUDGE